## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               No. CR 15-4408 RB

LUTHER WHELAN,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Luther Whelan's Emergency Motion for Compassionate Release Pursuant to § 3582(c)(1)(A)(i) in Conjunction with the CARES Act, filed on June 30, 2020 (Doc. 38), and his supplemental, counseled Supplement to Defendant's Motion for Compassionate Release, filed on September 14, 2020 (Doc. 42). Having reviewed the motions, the record, and the applicable law, the Court finds the motions are not well-taken and should be **denied**.

## I.    Background

On March 4, 2016, Mr. Whelan pled guilty to an Indictment charging possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. (*See* Docs. 16; 29–30.) On August 4, 2017, the Court sentenced Mr. Whelan to 84 months of imprisonment. (Doc. 36.) Mr. Whelan's federal sentence runs concurrent to a state sentence for possession. (*See* Doc. 43 at 1 (citing *New Mexico v. Whelan*, D-307-CR-2014-00911).)

Mr. Whelan has served approximately 62 months; with good time credit, he has served the equivalent of approximately 75 months or 89% of his sentence. (*See* Doc. 42 at 2.) His anticipated release date is August 18, 2021. (*See id.*)

Mr. Whelan now moves the Court through counsel to reduce his sentence pursuant to Section 603(b) of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i).[1] (*Id.* at 3.) He argues that extraordinary and compelling reasons warrant a sentence reduction due to health reasons. (*Id.*) He asserts that he is 45 years old and suffers from COVID-19, asthma, COPD/emphysema, gout, and chronic pain. (*Id.* (citing Doc. 31).) The United States opposes the motion. (Doc. 43.)

## II.    Analysis

Mr. Whelan seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*See* Doc. 42 at 3–4.) Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Whelan filed a request with the warden of FCI Lompoc on April 6, 2020. (*See* Doc. 43-1.) The warden denied his request by letter dated April 14, 2020. (*See* Doc. 43-2.) The Government stipulates that Mr. Whelan has exhausted his administrative remedies for purposes of this Opinion. (*See* Doc. 43 at 3.)

Mr. Whelan asserts that extraordinary and compelling circumstances exist due to the COVID-19 pandemic in light of his serious health conditions. (*See* Doc. 42 at 2–3, 7–8.) He argues that as a 45-year-old individual with asthma and acute hepatitis C, he "is considered high risk for

---

[1] Mr. Whelan mentions the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. Law 116-136 (enacted Mar. 27, 2020), in his original motion. (*See* Doc. 38 at 1.) The CARES Act does not, however, provide a basis for relief. The CARES Act allows the BOP Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). The Court has "no authority to dictate placements to the BOP." *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) (citing *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006)).

complications and even death should he contract COVID-19."[2] (Doc. 45 at 2.) He contends that his "physiological age is probably 10–15 years older than his chronological age" and attaches an affidavit of a non-examining physician in support. (*See* Docs. 42 at 2; 45-1.) According to the CDC, individuals with asthma "might be at an increased risk for severe illness from COVID-19." People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020).

There is conflicting evidence in the record regarding whether Mr. Whelan tested positive for COVID-19 while incarcerated. For example, there is a May 9, 2020 BOP Health Services entry noting "Inmate notified of positive results 05/08/20." (Doc. 44-1 at 143; *see also id.* at 148 (May 22, 2020 note of "Suspect/probable COVID-19 case").) Yet, this text has been stricken through, as if to delete it from the record. (*See id.*) There are also two records showing that Mr. Whelan was tested for COVID-19 and received negative or indeterminate/negative results. (*Id.* at 152, 155.) In July, however, medical records show that Mr. Whelan was treated as if he had tested positive: on July 1, 2020, he presented to Triage Services with complaints that it was hard to catch his breath. (*Id.* at 157.) The attending provider prescribed "Medrol dosepak[3] and [an] albuterol inhaler for residual COVID symptoms." (*Id.*; *see also id.* at 129.)

Mr. Whelan's counsel asserts that "[o]n June 7, 2020, Mr. Whelan received medical treatment for pulmonary and respiratory problems, severe coughing, tachypnea, hyperventilation, and hypopnea." (Doc. 45 at 2 (citing Doc. 44-1 at 10–11).) The Court disagrees. This medical record contains an area for the provider to record physical exam notes. (Doc. 44-1 at 10–11.) Under

---

[2] Mr. Whelan, through counsel, originally asserted that he also suffers from COPD/emphysema, gout, and chronic pain. (Doc. 42 at 2 (citing Doc. 31).) Mr. Whelan's attorney tacitly acknowledged, however, that BOP medical records did not support diagnoses of COPD/emphysema, gout, or chronic pain. (*See* Doc. 45 at 2.)

[3] "Medrol Dosepak is a steroid that prevents the release of substances in the body that cause inflammation." Medrol Dosepak, Drugs.com, https://www.drugs.com/mtm/medrol-dosepak.html (Aug. 20, 2020).

each portion of the exam, there is a line marked "Yes" and a line marked "No." (*Id.*) The provider can then describe the inmate's health relevant to the exam. For example, under "Affect," the provider noted: "Yes: Cooperative" and "No: Irritable, Agitated, Flat, Anxious." (*Id.* at 10.) Under "Appearance," the provider noted: "Yes: Appears Well, Alert and Oriented x 3" and "No: Appears Distressed." (*Id.*) The Court understands this to mean that Mr. Whelan was cooperative and appeared well, alert, and oriented x 3; he was *not* irritable, agitated, flat, anxious, or distressed. Under the section marked "Observation/Inspection," the provider noted: "Yes: Within Normal Limits" and "No: Coughing, severe w production green/brown mucus, Apneic, Respiratory Distress, Tachypnea, Hyperventilation, Hypopnea." (*Id.* at 11.) Thus, the Court understands that Mr. Whelan did *not* complain of coughing, respiratory distress, hyperventilation, etc. (*See id.*)

Mr. Whelan's counsel also asserts that he was treated for breathing problems and respiratory distress on July 2, 2020. (Doc. 45 at 2 (citing Doc. 44-1 at 129).) Again, the Court disagrees with this interpretation of the record. This record does show that Mr. Whelan was seen for breathing problems, but again, under "Observation/Inspection," the provider noted "No: Coughing, . . . Respiratory Distress, Tachypnea." (Doc. 44-1 at 129.) In short, the Court agrees that Mr. Whelan may have had COVID and that he experienced some lingering effects from COVID that necessitated a steroid and an inhaler. The Court does not find that Mr. Whelan's health problems are as severe as they are framed in Mr. Whelan's motion or reply briefs.

Finally, the Court notes that while FCI Lompoc has clearly had its struggles with COVID-19,[4] it appears that the facility has gotten the pandemic under control for the moment and currently has no positive cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 17, 2020). In short, the Court declines to find

---

[4] The BOP website reflects that 681 inmates and 19 staff members have recovered from COVID-19 at FCI Lompoc. *See COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/.

that Mr. Whelan has demonstrated extraordinary and compelling circumstances that warrant compassionate release. Because the Court does not find extraordinary and compelling circumstances exist, it need not consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

**THEREFORE,**

**IT IS ORDERED** that Mr. Luther Whelan's Emergency Motion for Compassionate Release Pursuant to § 3582(c)(1)(A)(i) in Conjunction with the CARES Act (Doc. 38) and his Supplement to Defendant's Motion for Compassionate Release (Doc. 42) are **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE